## UNITED STATES OF AMERICA *v.* MANUEL R. CAS-TANHA and FRANK CASTANHA.

### DATED: APRIL 25, 1902.

1. Distiller; distilled spirits; okolehao.
2. Burden of proof primarily on government; when cast on defendant.
3. When presumption will arise that defendant was engaged in distilling.
4. Actual distilling not necessary to be shown; sufficient if possession, custody and control of still or distilling apparatus set up is shown.
5  Sale of spirits not necessary to be proven to warrant conviction.
6. Informers; credibility of testimony of.

CRIMINAL LAW.  INDICTMENT UNDER SECTIONS 3258 AND 3260
R. S. U. S.

*Robert W. Breckons*, U. S. District Attorney, for government.

*S. M. Chillingworth* and *J. M. Vivas*, for defendants.

#### CHARGE TO THE JURY.

ESTEE, J. Gentlemen of the Jury: The indictment in this case, upon which the defendants are called to answer, contains two counts:

1. That the defendants did on the 27th day of February, 1902, in the district of Hawaii have unlawfully in their possession and custody and under their control, a still and distilling apparatus set up without having the same registered as required by law.

2. That on the 27th day of February, 1902, the defendants did unlawfully carry on the business of a distiller without having given bond as required by law.

It is provided by Section 3258 of the Revised Statutes of the United States, that—

"Every person having in his possession or custody or under his control, any still or distilling apparatus set up, shall register

the same with the collector of the district in which it is, by subscribing and filing with him, duplicate statements in writing, setting forth the particular place where such still or distilling apparatus is set up, the kind of still, and its cubic contents, the owner thereof, his place of residence and the purpose for which said still or distilling apparatus has been or is intended to be used; one of which statements shall be retained and preserved by the collector and the other transmitted by him to the commissioner of internal revenue. Stills and distilling apparatus shall be registered immediately upon their being set up . . . . . ."

Section 3260 of the Revised Statutes of the United States as amended in 1880, prescribes:

"Every person intending to commence or to continue the business of a distiller, shall, on filing with the collector his notice of such intention and before proceeding with such business, and on the first day of May of each succeeding year, execute a bond in the form prescribed by the commissioner of internal revenue, conditioned that he shall faithfully comply with all of the provisions of law relating to the duties and business of distillers, and shall pay all penalties incurred or fines imposed on him for a violation of any of the said provisions . . . . . . . . ."

For a violation of either of said Sections, certain penalties are prescribed by the statute.

There are therefore, two questions to be considered by you in weighing the evidence in this proceeding.

First, did the defendants have in their possession, custody and control any still or distilling apparatus set up as is claimed by the prosecution, and if so was said still or distilling apparatus registered as required by law; and

Second, did the defendants unlawfully carry on the business of a distiller? In other words, were they or either of them distilling spirituous liquors in any form, and if so had they given the bond required by the laws of the United States?

In this connection, gentlemen of the jury, it might be well to read for your instruction, the definition of the term "distiller" as given by Section 3247 of the Revised Statutes of the United States, to wit:

"Every person who produces distilled spirits or who brews or makes mash, wort or wash, fit for distillation or for the production of spirits, or who, by any process of evaporation, separates alcoholic spirit from any fermented substance, or who making or keeping mash, wort or wash, has also in his possession or use a still, shall be regarded as a distiller."

"Wort has been defined to be "New beer unfermented or in the act of fermentation"; "Wash" the fermented wort from which the spirit is extracted", while "mash" is defined as "a mixture of ground malt and warm water". (Webster).

But to make a person a distiller under the provisions of Section 3247 aforesaid, it is not necessary that the distilled spirits must be produced from either mash, wort or wash, but he may be one who "by any process of evaporation separates alcoholic spirit from any fermented substance."

It is further provided by Section 3248 of the Revised Statutes of the United States, that—

"Distilled spirits, alcohol and alcoholic spirit, within the true intent and meaning of this Act is that substance known as ethyl alcohol, hydrated oxide of ethyl, or spirit of wine, which is commonly produced by the fermentation of grain, starch, molasses or sugar, including all dilutions and mixtures of this substance. . . . . . . . . . . . "

Such, gentlemen, are the legal and accepted definitions of what under the law is understood by "a distiller" or "distilled spirits". You are therefore to bear this law in mind, when considering the facts shown upon the hearing of this case, of which facts you are to be the sole judges; the law you are to take from the court.

And in considering the evidence in this case, you are to give to the defendants the benefit of all reasonable doubts, remembering always that innocence is presumed under the law until guilt is proven. You are not compelled to believe any witness who from his interest in the case you may not think has told the exact truth. Nor are you to be controlled by the number of witnesses who may have testified on one side or the other;

but rather by the conviction which the testimony may convey to your minds of the truth or falsity of the charge.

It has been shown from the testimony of a witness introduced by the government, that the five gallon demijohn of distilled liquor produced in evidence and alleged by the government to have been found on the premises of the defendant at the time of the making of the raid thereon, and called in the language of the natives "Okolehao" is a low grade of alcohol, running 70 per cent. It is a matter of common knowledge that this alcohol, or "okolehao" is the result of the distillation of the fermented ti root of which fermented ti root, quantities were produced in evidence as having been found on the premises of the defendant together with the other exhibits introduced by the government.

Primarily the burden is on the government to establish the guilt of the defendants, but if it should appear from the evidence that the defendants had in their possession or custody or under their control, a still or distilling apparatus or parts of the same, and if it should appear from the evidence that they had not registered said still or filed the bond required by law, then the burden of proof is cast upon them to show that they did not have the said still set up and that they were innocent of intent to manufacture and had not manufactured distilled spirits from the said still or distilling apparatus.

In this case, it is clear from the testimony of Mr. Chamberlain, the Internal Revenue Collector, that he had no record either of the registry of a still by the defendants nor of any bond given as required by the law, hereinbefore read to you.

I therefore instruct you, that if you should believe from the evidence beyond a reasonable doubt, that the defendants had in their possession or under their custody or control on their premises, a still or distilling apparatus, and that distilled spirits which were not packed in the usual commercial packages or that were not stamped as required by law, were also found thereon; and if you also believe from the evidence that there was on said premises together with said still and said distilled spirits, ti roots which had been subjected to fermentation, notwithstanding that the evidence may show that the parts of said still were

scattered about the premises, yet there is a strong presumption that the defendants had a still set up and that they had been engaged in distilling without first fulfilling the requirements of the law. It is not necessary in order to obtain a conviction under Section 3258, that the government should prove that the defendants were actually engaged in distilling. The law simply requires that they shall be in the possession, custody and control of a still or distilling apparatus set up.

It is not necessary for the government, under the second count of this indictment, in order to prove that the defendant Manuel R. Castanha was a distiller, to show that spirits were distilled for sale, for, within the meaning of the law, any person who distills spirits, though not for sale, carries on this business of a distiller.

And in requiring you to believe from the evident that such facts existed, beyond a reasonable doubt, is meant gentlemen, that after an entire comparison and consideration of all the evidence in the case, your minds are left in that condition in which you cannot say you feel an abiding conviction to a moral certainty of the truth of the charge. Such is a reasonable doubt.

Errors of witnesses as to dates and distances or as to immaterial points may be noted in this as in other cases, but it is your duty to harmonise all conflicting testimony so far as you can fairly do so. The fact is that in most important cases good men often honestly differ as to some of the facts and so the Court instructs you to consider all the facts, and harmonize the conflicting testimony if possible to do so.

Gentlemen of the jury, in this case something has been said by counsel to the effect that certain testimony offered by the government is open to suspicion on the ground that the witnesses giving it were informers, and for that reason should not be believed.

You are instructed that it is the right and the duty of every citizen to report to the proper officers any violation of the law, and the fact that any persons do so report is not one which in any manner affects their credibility, unless it should further appear that they have some interest in the penalty to be recov-

ered from the person on trial or receive some compensation from the parties in interest.

In this case, therefore, it not appearing in any manner that any witnesses testifying on the part of the government were interested in any penalty or had any share therein or any other compensation, you are instructed that if they did give information to the officers, it does not in any manner affect their credibility.

Gentlemen of the jury, as the prosecution has dismissed the charge against the defendant, Frank Castanha, you will only consider the charges as against the defendant Manuel R. Castanha, the father of the boy, Frank, and the evident master of the premises raided, and who is the real party in interest.

In rendering a verdict in this case, it will require the unanimous assent of all your members.

And in rendering your verdict, gentlemen, you must find the defendant either guilty or not guilty upon each of the counts of the indictment.

Note: To the same effect, see cases of *U. S. v. Tom Pong*; dated: Oct. 16, 1902; *U. S. v. Kodera* and *Ogi*; dated: April 17, 1903 not reported.